**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Roger Langlais, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   13 C 438 |
| | ) | |
| CIGPF I Corp., a New York corporation, | ) | |
| and Phillips & Cohen Associates, Ltd., a | ) | |
| New Jersey corporation, | ) | |
| | ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Roger Langlais, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et seq.</u> ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1.   This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.   Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendants reside and transact business here.

**PARTIES**

3.   Plaintiff, Roger Langlais ("Langlais"), is a citizen of the State of Missouri, from whom Defendants attempted to collect a delinquent consumer debt, which was owed for a First Equity credit card, despite the fact that he was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with

Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, CIGPF I Corp. ("CIGPFI"), is a New York corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. CIGPFI operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant CIGPFI was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant, Phillips & Cohen Associates, Ltd. ("P&C"), is a New Jersey corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. P&C operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant P&C was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

6. Defendant CIGPFI is a bad debt buyer that acquires portfolios of defaulted consumer debts, which it then collects upon through other collection agencies.

7. Defendants are each authorized to conduct business in the State of Illinois and maintain registered agents within the State of Illinois, <u>see</u>, records from the Illinois Secretary of State, attached as Group Exhibit <u>A</u>. In fact, CIGPFI and P&C each conduct extensive and substantial business in Illinois.

8. Defendant P&C is licensed as a debt collection agency in the State of Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, Defendant P&C acts as collection agency in Illinois.

**FACTUAL ALLEGATIONS**

9. Mr. Langlais is a disabled man, with limited assets and income, who fell behind on paying his bills, including one he owed for a First Equity credit card. At some point in time, Defendant CIGPFI bought/obtained Mr. Langlais' delinquent debt, and when Defendant CIGPFI began trying to collect the debt from him, by having another debt collector, NCO Financial Systems ("NCO"), send Mr. Langlais a collection letter, dated November 3, 2010, he sought the assistance of legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding his financial difficulties and Defendants' collection actions. A copy of the November 3, 2010 collection letter is attached as Exhibit C.

10. Accordingly, on December 30, 2010, one of Mr. Langlais' attorneys at LASPD informed Defendant CIGPFI, through its agent, NCO, that Mr. Langlais was represented by counsel, and directed Defendants to cease contacting him, and to cease all further collection activities because Mr. Langlais was forced, by his financial circumstances, to refuse to pay his unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit D.

11. Nonetheless, Defendant CIGPFI then had Defendant P&C send Mr. Langlais a collection letter, dated October 4, 2012, which demanded payment of the First Equity debt. A copy of this collection letter is attached as Exhibit E.

12. Accordingly, on November 21, 2012, Mr. Langlais' LASPD attorney had to

send Defendants another letter, demanding that they cease communications and cease collections. Copies of this letter and fax confirmation are attached as Exhibit F.

13. Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

14. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
## Violation Of § 1692c(c) Of The FDCPA --
## Failure To Cease Communications And Cease Collections

15. Plaintiff adopts and realleges ¶¶ 1-14.

16. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

17. Here, the letter from Mr. Langlais' agent/attorney, LASPD, told Defendants to cease communications and cease collections (Exhibit D). By continuing to communicate regarding this debt and demanding payment (Exhibit E), Defendants violated § 1692c(c) of the FDCPA.

18. Defendants' violation of § 1692c(c) of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

4

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

19. Plaintiff adopts and realleges ¶¶ 1-14.

20. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

21. Defendants knew, or readily could have known, that Mr. Langlais was represented by counsel in connection with his debts because his attorneys at LASPD had previously informed Defendant CIGPFI, in writing (Exhibit D), through its agent, that Mr. Langlais was represented by counsel, and had directed a cessation of communications with Mr. Langlais.  By directly sending a collection letter to Mr. Langlais (Exhibit E), despite being advised that he was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

22. Defendants' violation of § 1692c(a)(2) of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Roger Langlais, prays that this Court:

1. Find that Defendants' debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Langlais and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Roger Langlais, demands trial by jury.

                                                                    Roger Langlais,

                                                                      By: /s/ David J. Philipps
                                                                      One of Plaintiff's Attorneys

Dated: January 18, 2013

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com